UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| JESUSITA CHARLES | CASE NO. 2:10-CV-02794-JAM-EFB |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| vs. | |
| NATIONAL ACTION FINANCIAL SERVICES | |
| Defendant. | |

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and protection from use for any purpose other than prosecuting this litigation is warranted.  Accordingly, the parties hereby stipulate to, and petition the court to enter, the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items entitled under applicable legal principles to be treated as confidential. The parties further acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the applicable procedures and standards when a party seeks leave to file material under seal.

-1-

PDF created with pdfFactory trial version www.pdffactory.com

1    Therefore, pursuant to the authority of Federal Rule of Civil Procedure 26(c) and Civil

2    Local Rule 141.1, and the stipulation of the parties, through their respective counsel, the

3    following Protective Order shall issue:

4    **A.    Designated Material.**

5    1.    Information, materials and/or discovery responses may be designated pursuant to

6    this Protective Order by the person or entity producing or lodging it or by any party to this action

7    (the "Designating Party") if: (a) produced or served, formally or informally, pursuant to the

8    Federal Rules of Civil Procedure and Local Rules of the Eastern District of California or in

9    response to any other formal or informal discovery request in this action; and/or (b) filed or

10   lodged with the Court.  All such information and material and all information or material derived

11   therefrom constitutes "Designated Material" (which includes materials designated

12   "CONFIDENTIAL" and "ATTORNEYS AND CONSULTANTS ONLY") under this Protective

13   Order.  Unless and until otherwise ordered by the Court or agreed to in writing by the parties, all

14   material designated under this Protective Order shall be used only for purposes of this litigation,

15   and shall not be used or disclosed by the party receiving the Designated Material except as

16   provided under the terms of this Protective Order.  (For purposes of this Protective Order,

17   "disclose" means to show, furnish, or provide the original or a copy of the referenced material or

18   document.)

19   2.    Subject to the limitations set forth in this Protective Order, a designation of

20   "CONFIDENTIAL" means information other than "ATTORNEYS AND CONSULTANTS

21   ONLY" and non-confidential information, whether embodied in any physical medium, used by

22   the Designating Party in or pertaining to its trade or business, which information the Designating

23   Party believes in good faith has competitive value, which is not generally known to others and

24   which the Designating Party would not normally reveal to third parties except in confidence, or

25   has undertaken with others to maintain in confidence.  Information may also be designated

26   "CONFIDENTIAL" if the designating party believes in good faith that the information falls

27   within any right to privacy guaranteed by the laws of the United States and California.

28   / / /

PROPOSED STIPULATED PROTECTIVE ORDER
CASE NO. 2:10-CV-02794-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

3.      Subject to the limitations set forth in this Protective Order, a designation of "ATTORNEYS AND CONSULTANTS ONLY" means information, whether or not embodied in any physical medium, used by the Designating Party in or pertaining to its trade or business, which information the Designating Party reasonably believes in good faith has significant competitive value and which, if disclosed to agents of the receiving party, might cause competitive harm to the Designating Party.  Such information must not be generally known to third parties or the public and is limited to information that the Designating Party would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence.  Information may also be designated "ATTORNEYS AND CONSULTANTS ONLY" if the designating party believes in good faith that the information is significantly sensitive and protected by any right to privacy guaranteed by the laws of the United States and California.

**B.      Access By Parties.**

1.      <u>Materials Designated CONFIDENTIAL</u>. Materials designated CONFIDENTIAL may only be disclosed to:

(a)      Persons not a party to this action who appear on the face of Designated Materials marked CONFIDENTIAL as an author, addressee or recipient thereof so long as the documents remain in the possession, custody or control of Outside Counsel and/or the party who produced and designated the Materials;

(b)      "Outside Counsel" (which means and is defined as counsel of record, including the partners, associates, agents and employees of counsel of record, except for agents or employees who have been retained or employed by Outside Counsel as experts or consultants to assist in the preparation of the case) for the parties to this action to the extent reasonably necessary to render professional services in this action;

(c)      Non-party experts and consultants retained or employed by Outside Counsel to assist in the preparation of the case ("Outside Consultants"), to the extent reasonably necessary to render professional services in this action, subject to the disclosure requirements of Section C;

PROPOSED STIPULATED PROTECTIVE ORDER

CASE NO. 2:10-CV-02794-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

1    (d)    Two (2) non-party officers and/or employees of National Action Financial

2  Services ("NAFS"), whose identities (including full names, titles, professional addresses,

3  affiliations and all other present employment and/or consultancies) shall first be fully designated

4  in writing to be served via facsimile on Outside Counsel for plaintiff at least five (5) business

5  days prior to disclosure of Designated Materials marked CONFIDENTIAL to the designated

6  officers and/or employees ("NAFS Designees");

7    (i)    In the event that a NAFS Designee ceases to be an officer and/or

8  employee of NAFS, NAFS shall so notify Outside Counsel for plaintiff in writing, identifying

9  the NAFS Designee's new employer and professional addresses and/or affiliations and all other

10  present employment and/or consultancies, and shall either: (A) certify that the departing

11  Designee has not retained any CONFIDENTIAL materials, and, at NAFS's option, designate a

12  replacement NAFS Designee consistent with the provisions of this section; or (B) notify Outside

13  Counsel for plaintiff in writing of its intention to continue to use the Designee as a consultant, in

14  which case plaintiff may object to the continued use of the departed Designee under the

15  provisions of Section C.

16    (ii)    In the event that plaintiff objects to disclosure of

17  CONFIDENTIAL material to a NAFS Designee, plaintiff shall send its objection in writing to

18  NAFS's Outside Counsel within five (5) business days following NAFS's designation.  The

19  parties shall meet and confer to resolve any objections informally.  In the event that objections

20  are made but not resolved informally, plaintiff may move, within fifteen (15) business days

21  following its notice of objection, for a protective order preventing disclosure of

22  CONFIDENTIAL materials to the NAFS Designee.  In the event plaintiff brings such a motion,

23  it shall bear the burden of proving that the disclosure of CONFIDENTIAL materials to the

24  NAFS Designee would cause plaintiff unwarranted annoyance, embarrassment or oppression.

25  Prior to the resolution of any such objection, an opposing party's Designated Materials shall not

26  be disclosed to person(s) so designated.

27    (e)    Plaintiff Jesusita Charles so long as the documents remain in the

28  possession, custody or control of Outside Counsel and/or the party who produced and designated

-4-

PDF created with pdfFactory trial version www.pdffactory.com

1  the Materials when reviewing such materials;

2          (f)      Subject to Section D, below, Designated Material marked

3  CONFIDENTIAL may also be shown to witnesses at deposition and/or at trial.

4          2.      <u>Materials Designated ATTORNEYS AND CONSULTANTS ONLY</u>.  Materials

5  marked ATTORNEYS AND CONSULTANTS ONLY can only be reviewed by or disclosed to:

6          (a)      Persons who appear on the face of Designated Materials marked

7  ATTORNEYS AND CONSULTANTS ONLY as an author, addressee, or recipient thereof, so

8  long as the documents remain in the possession, custody or control of Outside Counsel and/or the

9  party who produced and designated the Materials when reviewing such materials; twenty-one

10  (21) days from the date that the Designating Party receives copies of the materials from the

11  producing or disclosing entity; and,

12          (b)      By written notice to all parties to this action and to the Producing Party, if

13  such party is not a party to this action, identifying the materials to be designated with

14  particularity (either by production numbers or by providing other adequate identification of the

15  specific material).

16          3.      Upon notice of designation, all persons receiving notice of the requested

17  designation of materials shall:

18          (a)      Make no further disclosure of such Designated Material or information

19  contained therein, except as allowed in this Protective Order;

20          (b)      Take reasonable steps to notify any persons known to have possession of

21  or access to such Designated Materials of the effect of such designation under this Protective

22  Order; and,

23          (c)      Take reasonable steps to reclaim or prevent access to such Designated

24  Material or information in the possession or control of any person not permitted to have access

25  under the terms of this Protective Order.

26  **C.      <u>Use Of Designated Materials By Designating Party.</u>**

27          Nothing in this Protective Order shall limit any Designating Party's use of its own

28  documents and information, nor shall it prevent the Designating Party from disclosing its own

-5-

PDF created with pdfFactory trial version www.pdffactory.com

1 | confidential information or documents to any person.  Such disclosure shall not affect any

2 | designations made pursuant to the terms of this Protective Order, so long as the disclosure is

3 | made in a manner that is reasonably calculated to maintain the confidentiality of the information.

4 |         **D.**      **Procedure For Designating Depositions.**

5 |         1.      Deposition transcripts or portions thereof may be designated as CONFIDENTIAL

6 | or ATTORNEYS AND CONSULTANTS ONLY by a party during deposition testimony taken in

7 | this action, in which case the portion of the transcript containing Designated Material shall be

8 | identified in the transcript by the Court Reporter as CONFIDENTIAL or ATTORNEYS AND

9 | CONSULTANTS ONLY.  The designated testimony shall be bound in a separate volume and

10 | marked by the reporter accordingly.

11 |         2.      Where testimony is designated at a deposition, the Designating Party shall have

12 | the right to exclude, at those portions of the deposition, all persons not authorized by the terms of

13 | this Protective Order to receive such Designated Material.

14 |         3.      Notwithstanding the provisions set forth in Sections B and C of this Protective

15 | Order above, any party may mark Designated Material as a deposition exhibit and examine any

16 | witness thereon, provided that the exhibit and related transcript pages receive the same

17 | confidentiality designation as the original Designated Material.  Any person who is shown a

18 | deposition exhibit comprised of Designated Material, but who is not otherwise entitled to access

19 | such material under Sections B and C above, shall not be allowed (except by express permission

20 | of the Designating Party) to keep a copy of the deposition exhibit, and shall not be furnished a

21 | copy of such deposition exhibit when given the opportunity to review the deposition transcript

22 | for accuracy following the deposition.

23 |         4.      Any party may, within fifteen (15) days after receiving a deposition transcript,

24 | designate pages of the transcript and/or its exhibits as Designated Material.  If any party so

25 | designates such material, the parties or deponents shall provide written notice of such designation

26 | to all parties within the 15-day period.  Designated Material within the deposition transcript or

27 | the exhibits thereto may be identified in writing or by underlining the relevant portions and

28 | marking such portions CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY.

PROPOSED STIPULATED PROTECTIVE ORDER
CASE NO. 2:10-CV-02794-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

1   Until the expiration of the 15-day period, any portion of the deposition not previously designated

2   shall be treated as CONFIDENTIAL and subject to protection as provided by this Protective

3   Order.  After the expiration of the 15-day period, if no party or deponent has timely designated

4   any additional material, then such undesignated transcript and/or exhibits may be disclosed

5   without restriction.

6          5.      If timely corrected, an inadvertent failure to designate qualified information or

7   items as CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY does not, standing

8   alone, waive the Designating Party's right to secure protection under this Order for such material.

9   If material is appropriately designated as CONFIDENTIAL or ATTORNEYS AND

10  CONSULTANTS ONLY after the material was initially produced, the receiving Party, on timely

11  notification of the designation, must make reasonable efforts to assure that the material is treated

12  in accordance with the provisions of this Order.

13         **E.     Copies.**

14        All complete or partial copies of Designated Materials shall also be deemed subject to the

15   terms of this Protective Order.

16         **F.     Court Procedures.**

17         1.      Disclosure of Designated Material to Court Officials.  Subject to the provisions of

18  this section, Designated Material may be disclosed to the Court, Court officials or employees

19  involved in this action (including court reporters, persons operating video recording equipment at

20  depositions, and any special master or referee appointed by the Court) and the jury in this action,

21  and any interpreters interpreting on behalf of any party or deponent.

22         2.      Obligations of the Court.  The parties agree that the employees of the Court or the

23  Clerk's office have no duty to the parties to maintain the confidentiality of any information in

24  any papers filed with the Court.

25         3.      Filing Designated Materials with the Court.

26        If any of the Designated Materials is submitted to the Court, such papers shall be filed

27   under seal and in compliance with the provisions set forth in Civil Local Rule 141.  The party

28   submitting such documents shall place them in a sealed envelope on which shall be endorsed the

-7-

PROPOSED STIPULATED PROTECTIVE ORDER
CASE NO. 2:10-CV-02794-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

1  title of this litigation, an indication of the nature of the contents of the sealed envelope, the

2  notation, " CONFIDENTIAL – Protected by Court Order," and a statement substantially in the

3  following form:

4
5
6
7

**THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION AND IS SEALED PURSUANT TO A PROTECTIVE ORDER ISSUED BY THE COURT.  IT IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED TO ANY PERSONS EXCEPT BY ORDER OF THE COURT PURSUANT TO CONSENT OF THE PARTIES CLAIMING CONFIDENTIALITY.**

8  The submission shall indicate clearly which portions are Designated Materials.  For the

9  convenience of the parties and the Court, a party that files a pleading, brief, declaration or exhibit

10  ("Litigation Documents") that contains, in excerpts, quotes or paraphrases, both Designated

11  Material and undesignated material, shall file the entire paper under seal.  The notation, in bold,

12  **"DOCUMENT FILED UNDER SEAL"** shall also be made on the document itself, as well as

13  on the cover sheet.  The Clerk of the Court is directed to maintain under seal all documents and

14  transcripts of deposition testimony and answers to interrogatories, admissions, and other

15  pleadings filed under seal with the Court in this litigation that have been designated, in whole or

16  in part, as Designated Material by a party to this action.

17  4.      Failure to File Under Seal.  If any party fails to file Designated Materials under

18  seal, the Designating Party or any party to this action may request that the Court place the

19  Designated Materials under seal within twenty (20) days of the filing of said Designated

20  Materials.  The Clerk of the Court is directed to comply with such request if made.

21  5.      Use of Designated Materials In Open Court.  Presentation of, or quotations from,

22  Designated Materials shall be heard by the Court under such conditions and safeguards as the

23  Court may impose to prevent improper disclosure of Designated Materials.  After the mandatory

24  settlement conference and prior to trial the parties shall meet and confer concerning appropriate

25  methods for dealing with Designated Material at trial.

26  **G.      Objections.**

27  1.      A party may challenge the propriety of any designation under this Protective

28  Order at any time.  A challenge may be made by serving on all other parties a captioned notice of

PROPOSED STIPULATED PROTECTIVE ORDER

CASE NO. 2:10-CV-02794-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

1    objection, which shall identify with particularity the Designated Materials as to which the

2    designation is challenged and stating a basis for each challenge ("Notice of Objection").  Service

3    of a Notice of Objection shall be made by facsimile and by mail.

4            2.      On, but not before, the thirtieth (30th) day after service of a Notice of Objection,

5    the challenged material shall be deemed de-designated unless the Designating Party has served

6    by fax or hand delivery a response to the Notice of Objection setting forth the legal and factual

7    grounds upon which the Designating Party bases its position that the materials should maintain

8    the original designation or for designating the material otherwise.

9            3.      The parties shall meet and confer in good faith prior to the filing of any motion

10   under this section. In conferring, the challenging party must explain the basis for its belief that

11   the confidentiality designation was not proper and must give the Designating Party an

12   opportunity to review the designated material, to reconsider the circumstances, and, if no change

13   in designation is offered, to explain the basis for the chosen designation. A challenging party

14   may proceed to the next stage of the challenge process only if it has engaged in this meet and

15   confer process first.

16           4.      If no agreement is reached, the objecting party may file a motion as provided in

17   Civil Local Rule 230 (and in compliance with Civil Local Rule 141, if applicable) seeking to re-

18   designate the challenged material.  Each such motion must be accompanied by a competent

19   declaration that affirms that the movant has complied with the meet and confer requirements

20   imposed in the preceding paragraph and that sets forth with specificity the justification for the

21   confidentiality designation that was given by the Designating Party in the meet and confer

22   dialogue.  The burden of persuasion in any such challenge proceeding shall be on the Designating

23   Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

24   question the level of protection to which it is entitled under the Designating Party's designation.

25           5.      In the event of a motion to change the designation, the material at issue may be

26   submitted to the Court for in camera inspection.  It shall be the burden of the designating party

27   under such circumstances to establish that the information so designated is properly designated

28   CONFIDENTIAL or ATTORNEYS AND CONSULTANTS ONLY within the meaning of this

-9-

PROPOSED STIPULATED PROTECTIVE ORDER
CASE NO. 2:10-CV-02794-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

1   Protective Order.  Upon the timely filing of such a motion, the original designations shall remain

2   effective until ten (10) days after service of notice of entry of an order re-designating the

3   materials and during the pendency of any writ petition filed within the ten-day period.

4   **H.     Client Communication.**

5   Nothing in this Protective Order shall prevent or otherwise restrict counsel from

6   rendering advice to their clients and, in the course of rendering such advice, relying upon the

7   examination of Designated Material.  In rendering such advice and otherwise communicating

8   with the client, however, counsel shall not make specific disclosure of any Designated Materials,

9   except as permitted by this Protective Order.

10   **I.     No Prejudice.**

11   1.     This Protective Order shall not diminish any existing obligation or right with

12   respect to Designated Materials, nor shall it prevent a disclosure to which the Designating Party

13   consents in writing before the disclosure takes place.

14   2.     Unless all parties stipulate otherwise, evidence of the existence or nonexistence of

15   a designation under this Protective Order shall not be admissible for any purpose during any

16   proceeding on the merits of this action.

17   3.     If any person required to produce documents inadvertently produces any

18   Designated Material without marking it with the appropriate legend, the producing party may

19   give written notice to the receiving party or parties, including appropriately stamped copies of the

20   Designated Material, that the document, thing, or response is deemed Designated Material and

21   should be treated as such in accordance with the provisions of this Protective Order.

22   4.     The restrictions as to use or dissemination of information or materials, set forth in

23   any of the preceding paragraphs, shall not apply as to:

24   (a)     any information which at the time of the designation under this Protective

25   Order is available to the public;

26   (b)     any information which after designation under this Protective Order

27   becomes available to the public through no act, or failure to act, attributable to the receiving

28   party or its counsel;

-10-

PDF created with pdfFactory trial version www.pdffactory.com

1   (c)   any information which the receiving party, its counsel, or any recipient of

2   designated material under this Protective Order can show as a matter of written record was

3   already known to the receiving party through means other than by any violation of law.

4   No exception shall be taken under this Section without first complying with the

5   procedures set forth in Section I, stating as the grounds for objection one or more of the

6   exceptions set forth in this Section.

7   **J.   Modification and Survival.**

8   1.   Modification; Addition of Parties to This Protective Order.

9   (a)   All parties reserve the right to seek modification of this Protective Order at

10   any time for good cause.  The parties agree to meet and confer prior to seeking to modify this

11   Protective Order for any reason.  The restrictions imposed by this Protective Order may only be

12   modified or terminated by written stipulation of all parties or by order of this Court.

13   (b)   Parties to this action who are not listed herein or who become parties to

14   this action after the latest date of execution may become parties to this Protective Order, and

15   thereby be bound by all the terms and conditions stated herein, by executing a written agreement

16   thereto, to be signed by all Outside Counsel for the parties, and which designates Outside

17   Counsel, for the additional party.

18   2.   Survival and Return of Designated Material.  This Protective Order shall survive

19   termination of this action.  Upon final termination of the action, including appeals and retrials, all

20   Designated Material, including deposition testimony regarding designated exhibits and all copies

21   thereof, shall be destroyed within sixty (60) days of the termination of the action.  Outside

22   Counsel shall also be responsible for retrieving and destroying all Designated Material from

23   Outside Consultants within (60) days of the termination of the action.  Outside Counsel shall

24   certify their compliance with this provision and shall deliver such certification to Outside

25   Counsel for the Designating Party not more than ninety (90) days after the termination of the

26   action.

27   Notwithstanding the provisions for return or destruction of Designated Material, Outside

28   Counsel may retain pleadings, attorney and consultant work product, deposition transcripts and

-11-

PROPOSED STIPULATED PROTECTIVE ORDER
CASE NO. 2:10-CV-02794-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

1  exhibits containing Designated Material, as well as one copy of each item of Designated Material

2  for archival purposes.

3  **K.     No Contract.**

4  This Protective Order is for the Court's consideration and approval as an order.  It shall

5  not be construed to create a contract between the parties or between the parties and their

6  respective counsel.

7  **L.     Court's Retention of Jurisdiction.**

8  The Court retains jurisdiction to make such amendments, modifications, and additions to

9  this Protective Order as it may from time to time deem appropriate.

10  Dated:  March ___, 2011                    KROHN & MOSS, LTD.

11

12                                                        By _____

13                                                             Nicholas J. Bontrager
                                                             Attorneys for plaintiff

14                                                             JESUSITA CHARLES

15  Dated:  March ___, 2011                    GORDON & REES LLP

16

17                                                        By _____

18                                                             Craig J. Mariam
                                                             Cynthia Tsai

19                                                             Attorneys for defendant
                                                             NATIONAL ACTION FINANCIAL

20                                                             SERVICES, INC.

21

22  Pursuant to the Stipulation above, and good cause appearing therefor, IT IS SO

23  ORDERED.

24

25  Dated:  April 5, 2011

26                                                        /s/ John A. Mendez_____
                                                        UNITED STATES DISTRICT JUDGE

27

28

-12-

PROPOSED STIPULATED PROTECTIVE ORDER
CASE NO. 2:10-CV-02794-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT A**

**CERTIFICATION CONCERNING MATERIAL COVERED**

**BY PROTECTIVE ORDER**

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Eastern District of California, Sacramento Division in the case entitled ***Jesusita Charles v. National Action Financial Services, Inc., Case No. 2:10-CV-02794-JAM-EFB.***

I understand the terms of the Protective Order.  I agree to be bound by such terms and to submit to the personal jurisdiction of the United States District Court, Eastern District of California, Sacramento Division, with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court.  I will not disclose Designated Materials marked "CONFIDENTIAL" or "ATTORNEYS AND CONSULTANTS ONLY" to anyone other than persons specially authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials upon the termination of this action or my employment as a consultant in this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Name of Individual:   _____

Company or Firm:     _____

Address:                    _____

Telephone No.:          _____

Relationship to this action and its parties:   _____

_____

_____

Dated: _____   Signature_____

-13-

PDF created with pdfFactory trial version www.pdffactory.com

**EXHIBIT B**

**CERTIFICATION OF CONSULTANT**

I, the undersigned, hereby certify that I have read the Protective Order entered in the United States District Court, Eastern District of California, Sacramento Division in the case entitled ***Jesusita Charles v. National Action Financial Services, Inc., Case No. 2:10-CV-02794-JAM-EFB.*** and that I have executed a Certification Concerning Material Covered by Protective Order.

I further certify that I am not employed by or affiliated with a competitor of the Designating Party or any person or entity currently a party (as of the time of the execution of this Certification) to this action.   If at any time after I execute this Consultant Certification and during the pendency of the Action I become engaged in business as a competitor of any person or entity currently a party to this action, I will promptly inform the counsel for the party who retained me in the Action, and I will not thereafter review any Designated Materials marked "ATTORNEYS AND CONSULTANTS ONLY" unless and until the Court in the Action orders otherwise.  Should I no longer act as a consultant in this Action, I will return all Designated Materials to the counsel for the party who retained me within five (5) business days from the date upon which my consultancy is terminated.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Name of Individual: _____

Company or Firm: _____

Address: _____

Telephone No.: _____

Relationship to this action and its parties: _____

_____

_____

Dated: _____ Signature_____

-14-

PROPOSED STIPULATED PROTECTIVE ORDER
CASE NO. 2:10-CV-02794-JAM-EFB

PDF created with pdfFactory trial version www.pdffactory.com